IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY HODGES,**

                 **Plaintiff,**

                                                   CIVIL ACTION
     **vs.**                                                No. 07-3076-SAC

**UNITED STATES ATTORNEY GENERAL, et al.,**

                 **Defendants.**

### ORDER

    Plaintiff, an inmate incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se in this matter seeking documents and information under the Freedom of Information Act (FOIA) and Privacy Act. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

    Plaintiff seeks a transcript of the grand jury balloting

pertaining to the criminal charges filed against him in <u>United States v. Hodges</u>, Case No. 98-20044-KHV.  In that case, petitioner filed a motion for the production of grand jury ballot information pursuant to Rule 6(f) of the Federal Rules of Criminal Procedure. The district court judge dismissed plaintiff's motion, finding it lacked subject matter jurisdiction to consider the plaintiff's motion, and further noting the request would be denied pursuant to Fed.R.Crim.P. 6(e) even if the court could exercise jurisdiction.

Plaintiff now proceeds under the FOIA and Privacy Act to obtain a grand jury transcript, and cites letters he sent in January and March 2007 to the "FOIA/Privacy Staff" in the United States Attorney's office in the Department of Justice in Washington D.C., seeking "a copy of the record/minutes that show compliance with F.R.CR.P. Rule 6(f)" in his criminal case. Plaintiff states he received no response to either letter, and filed the instant action to ask the court to enjoin the Department of Justice from withholding the requested records.

The court finds this request is subject to being summarily dismissed.

To the extent plaintiff's complaint can be construed as an initial demand for documents and materials pursuant to FOIA, no claim for relief is stated because the FOIA does not apply to the United States courts.  <u>Cook v. Willingham</u>, 400 F.2d 885 (10th Cir. 1968).

Even if the court were to assume that plaintiff's requests for documents from the Department of Justice (DOJ) were submitted in accord with DOJ's published procedures, and that DOJ's alleged

failure to provide any response constituted a constructive denial of plaintiff's request,[1] judicial review of such a refusal would not result in any relief to plaintiff.

It is well recognized that grand jury proceedings are privileged and exempt from disclosure under the FOIA. John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989). The FOIA provides for a number of exemptions from disclosure by agencies, including FOIA "Exemption 3," 5 U.S.C. § 552(b)(3), which allows the withholding of materials that are "specifically exempted from disclosure by statute." This exemption applies to materials exempted from disclosure by Fed.R.Crim.P. 6(e), which provides for secrecy in grand jury proceedings. Church of Scientology International v. U.S. Department of Justice, 30 F.3d 224, (1st Cir. 1994). Also, courts have determined that grand jury exhibits or documents containing testimony or other material directly associated with a grand jury proceeding fall within the exemption under 5 U.S.C. § 552(b)(3) without regard to whether exceptions to disclosure might be allowed under Fed.R.Crim.P. Rule 6(e). See e.g., Rugiero v. U.S. Dept. of Justice, 257 F.3d 534, 549 (6th Cir. 2001)(citing Church, 30 F.3d at 235).

Nor is plaintiff entitled to relief under the Privacy Act which broadly permits agencies to withhold records made during

---

[1] If an agency fails to comply with the time limits for either the initial response for disclosure or an administrative appeal therefrom, the requester may treat this fact as a constructive denial of the request or appeal and is free to file a complaint in the appropriate United States District Court. 5 U.S.C. § 552(a)(6)(C).

criminal investigations and maintained in the Criminal Case File System. *See* 5 U.S.C. § 552a(j)(2). *See also* <u>Standley v. Department of Justice</u>, 835 F.2d 216 (9th Cir. 1987)(grand jury materials are not "agency records" within scope of Privacy Act).

Accordingly, plaintiff's separate motion to compel defendants to produce the requested grand jury material is denied, and plaintiff is directed to show cause why the complaint should not be dismissed for the reasons stated by the court.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, and that payment of the remainder of the $350.00 district court filing fee is to proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion to compel (Doc. 4) is denied.

IT IS FURTHER ORDERED that plaintiff is directed to show cause why the complaint should not be dismissed as stating no claim upon which relief can be granted under the FOIA or Privacy Act.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 13th day of February 2008 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge